FRANKLIN LIFE INS. CO. OF INDIANAPOLIS *v.* CARDWELL ET AL.

PROMISSORY NOTE.—*Answer of Failure of Consideration.*—*Life Insurance.*— In an action by a life insurance company, as payee, against the makers, a principal and surety, on a promissory note, the defendants answered that the note in suit had been executed "in consideration of a valid paid-up life policy, to be issued and delivered to the" principal, "by the plaintiff, and for no other or different consideration whatever ; that, although a reasonable time for the issuing and delivering of said policy * has long since elapsed, yet the plaintiff has wholly neglected and refused to execute and deliver * a valid life policy for the value of said note."

*Held*, on demurrer, that the answer, as a plea of either a partial or total failure of consideration, is insufficient.

From the Hamilton Circuit Court.

*J. W. Evans, R. R. Stephenson, A. G. Porter, W. P. Fishback* and *G. T. Porter*, for appellant.

*T. J. Kane* and *T. P. Davis*, for appellees.

HOWK, J.—This was a suit by the appellant, against the appellees, upon a promissory note, of which the following is a copy :

"$538.08.          NOBLESVILLE, Ind., Nov. 5th, '73.

"Two years after date, we jointly and severally promise to pay to the order of The Franklin Life Ins. Co. of Indianapolis, at the Citizens Bank of Noblesville, Ind., five hundred and thirty-eight $\frac{08}{100}$ dollars, with ten per cent. interest from maturity and reasonable attorney's fees if suit be instituted on this note, value received, without any relief whatever from valuation or appraisement laws.

the drawers and endorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note.        (Signed,)    PETER CARDWELL,
                                       " PLEASANT BURRIS.
                                       " J. E. HAWORTH."

On said note a memorandum was endorsed, in the words and figures following, to wit:

"$374.91 of the within note to draw interest from date, as per rate within named, and $163.17 to commence drawing from date of next renewal, which will be August 8th, '74.                (Signed,)    T. M. MURPHY."

It was alleged in the appellant's complaint, that thirty dollars would be a reasonable attorney's fee for collecting said note, and that the note, interest and attorney's fee were due and unpaid.   Wherefore, etc.

The appellees jointly answered in two paragraphs; to the second of which paragraphs the appellant demurred, for the alleged insufficiency of the facts therein to constitute a defence to its action.   This demurrer was overruled by the court, and to this ruling the appellant excepted, and then replied by a general denial to each of said paragraphs of answer.

The issues joined were tried by a jury, and a verdict was returned for the appellees.

The appellant's motion for a new trial having been overruled, and its exception entered to this ruling, judgment was rendered on the verdict.

The appellant has assigned, as errors, the decisions of the court below, in overruling its demurrer to the second paragraph of the appellees' answer, and in overruling its motion for a new trial.

In the first paragraph of their answer, the appellees alleged, that the note in suit was given without any consideration whatever.

The second paragraph of said answer was as follows:

" 2. That the note, upon which this suit is founded, was executed by the defendant Peter Cardwell, as principal, and by the said other defendants, as sureties for the said Cardwell, in consideration of a valid paid-up life policy, to be issued and delivered to said Cardwell by the plaintiff, and for no other or different consideration whatever; that, although a reasonable time for the issuing and delivering of said policy to the said Cardwell, by the said plaintiff, has long since elapsed, yet the plaintiff has wholly neglected and refused to execute and deliver to said Cardwell a valid life policy for the value of said note. Wherefore the defendants say, that the consideration of said note has wholly failed."

It seems to us, that the appellant's demurrer to this paragraph of answer ought to have been sustained. It will be observed, from the averments of this paragraph, that it was therein and thereby intended and attempted to show that the consideration of the note in suit had wholly failed. It was alleged, that the note was executed in consideration of an agreement by and between the appellant and Peter Cardwell, one of the appellees. The terms of this agreement are not stated with much clearness or certainty, in this second paragraph of the answer; but, from all the averments of the paragraph, it would seem that the agreement stated was substantially as follows:

The note in suit was executed by the appellees, in consideration of an agreement on the part of the appellant, that it would thereafter execute and deliver to the appellee Peter Cardwell a valid paid-up life policy " for the value of said note."

It will be seen that the time for the execution and delivery by the appellant, of the valid paid-up life policy, is not expressly stated in the answer, but, from the fact averred, that the policy to be executed and delivered was to be "for the value of said note," and as the value of the

note could not be ascertained with certainty, until after the payment of said note, it must be inferred, we think, that the agreement of the appellant was to execute and deliver the valid paid-up life policy to the appellee Cardwell upon or after the payment of the note in suit. This was the agreement between the appellant and the appellees, as we gather the same from the allegations of the second paragraph of the answer, upon the faith of which the note in suit was executed. The appellees did not allege that the appellant ever agreed to execute and deliver to the appellee Cardwell a valid paid-up life policy within a reasonable time; but they did allege, that the appellant was to execute and deliver such policy " for the value of said note." As the value of the note could not be definitely ascertained until after its payment, it would seem to follow that the appellant's agreement, as stated in the answer, was " to execute and deliver to said Cardwell a valid life policy for the value of said note," when said note was paid.

We have said that the appellees had failed to allege that the appellant agreed to issue and deliver to the appellee Cardwell the valid paid-up life policy, either at a certain time, or within a reasonable time. They did allege, however, as a breach apparently of the appellant's agreement, that, although a reasonable time for the issuing and delivering of said policy to said Cardwell, by the appellant, had long since elapsed, yet the appellant had wholly neglected and refused to execute and deliver such policy to said Cardwell. This allegation was not a breach of the agreement stated in the answer.

Again, it is alleged in this second paragraph of answer, that the note in suit was executed "in consideration of a valid paid-up life policy, to be issued and delivered to said Cardwell by the plaintiff, and for no other or different consideration whatever." It will be observed that the appellant's agreement, as here stated, was to issue and deliver to

said Cardwell a " valid paid-up life policy ;" but the agree-ment, as stated, did not indicate, in any way, what was the agreed amount or value of such valid paid-up life policy. Yet the breach of the agreement, as the breach is alleged in the answer, was, that the appellant had wholly neglected and refused to execute and deliver to said Cardwell a valid life policy for the value of said note. It is very evident, we think, that the breach thus stated in the answer was not a breach of the alleged agreement, which constituted the only consideration of the note in suit. For, in the lat-ter agreement, as stated in the answer, there was no allega-tion from which the amount or value of the valid paid-up life policy could possibly be ascertained ; while, in the agreement, of which a breach was alleged in the answer, the amount or value of the valid life policy is made to de-pend upon the value of said note. Viewed in every possi-ble light of which we can conceive, it seems very clear to our minds, that the allegations of this second paragraph of answer were not sufficient to show a total, or even partial, failure of the consideration of the note in suit; and it is evident, we think, that the facts alleged in this paragraph were pleaded by the appellees with the intent and purpose of showing thereby an absolute, complete failure of the consideration of said note. Therefore we must hold, as we do, that the court erred in overruling the appellant's demur-rer to the second paragraph of the appellees' answer.

Having reached this conclusion in regard to the insuffi-ciency of the second paragraph of the answer, which will necessarily lead to the formation of new issues, and a new trial of the cause, we need not now consider and decide any of the questions arising under the alleged error of the court, in overruling the appellant's motion for a new trial. On such new trial these questions may not arise again, or, if they should, it is hardly probable that they will be again

presented in the same form. We pass them by, at this time, without decision.

The judgment is reversed, at the appellees' costs, and the cause is remanded with instructions to sustain the appellant's demurrer to the second paragraph of the appellees' answer, and for further proceedings.